**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James D. ANDREW,
Defendant-Appellant.**

**No. 78–5770.**

United States Court of Appeals,
Fifth Circuit.

Nov. 13, 1979.

Michael S. Tarre, (Court-Appointed), Miami, Fla., for defendant-appellant.

Hugh F. Culverhouse, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before AINSWORTH, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

James D. Andrew appeals from his conviction on numerous counts of violating federal criminal bank statutes, to wit, 18 U.S.C. § 656, relating to theft, embezzlement or misapplication by bank officer or employee, and 18 U.S.C. § 1005, pertaining to making false entries in the bank's books. We have carefully considered the two points of error asserted on appeal by appellant Andrew and find them to be without merit.  Appellant charges that there was error in the trial in district court because he was not granted a severance from his code-

---

**5.** *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).  *Aguilar v.* *Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

550

fendant Dirico pursuant to Fed.R.Crim.P. 14. (Dirico was acquitted in the joint trial.) We do not agree that the defenses of the two defendants were antagonistic; in fact, each testified and denied culpability in the case. It is clear that there was no prejudice in trying the two defendants together and that there was no abuse of discretion in declining to grant the severance. *See United States v. Bolts,* 5 Cir., 1977, 558 F.2d 316, 322; *United States v. Marable,* 5 Cir., 1978, 574 F.2d 224, 231. Nor is there merit to appellant's second assignment of error that the trial judge improperly admitted into evidence certain summary charts of the government witness Shannon. In three instances out of nearly 200 items, the witness Shannon was unable to testify positively that certain cash items at the bank were ultimately deposited later on the same day into appellant's checking account. The court's instructions to the jury made it clear that the ultimate decision should be made by the jury as to what weight should be given to the evidence. The evidence was admissible under Fed.R.Evid. 401–403.

AFFIRMED.